**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **DDC TECHNOLOGY, LLC,** | |
| **Plaintiff,** | **Case No.: 6:21-cv-00850** |
| **v.** | |
| **MERGE LABS, INC. (dba MERGE VR),** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

<u>**COMPLAINT FOR PATENT INFRINGEMENT**</u>

Plaintiff DDC Technology, LLC complains of Defendant Merge Labs, Inc. (dba Merge VR) as follows:

**NATURE OF LAWSUIT**

1.     This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**THE PARTIES**

2.     DDC Technology, LLC ("DDC") is a limited liability company formed and existing under the laws of the State of Delaware.

3.     DDC is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 9,420,075, entitled "Virtual Reality Viewer and Input Mechanism," which issued on August 16, 2016 ("the '075 Patent") (a true and correct copy is attached as Exhibit A); United States Patent No. 9,723,117, entitled "Virtual Reality Viewer and Input Mechanism," which issued on August 1, 2017 ("the '117 Patent") (a true and correct copy is attached as Exhibit B); United States Patent No. 9,811,184, entitled "Virtual Reality Viewer and Input Mechanism," which issued on November 7, 2017 ("the '184 Patent") (a true and

correct copy is attached as Exhibit C); and United States Patent No. 10,528,199, entitled "Virtual Reality Viewer and Input Mechanism," which issued on January 7, 2020 ("the '199 Patent") (a true and correct copy is attached as Exhibit D) (collectively, the "Asserted Patents").

4.      The Asserted Patents were invented by Patrick Buckley and originally assigned to DODOcase, Inc. ("DODOcase"). DODOcase was founded by Mr. Buckley and Craig Dalton in 2010 in the basement of Mr. Buckley's home. They started the company with the mission of making mobile device accessories that were built by local craftsman.

5.      For seven years they manufactured and sold mobile device accessories made in the United States of America. Most of their products were built in a factory they built themselves in San Francisco. DODOcase sold millions of products and was recognized globally as a premium brand for mobile accessories.

6.      In 2014, DODOcase anticipated a growing mobile device accessories market, particularly for affordable virtual reality accessories that worked with smartphones. Mr. Buckley, an MIT trained mechanical engineer and inventor of multiple patents, recognized some breakthrough improvements that could be made to then-existing smartphone virtual reality accessories and filed for patent protection for an innovative way to make a low-cost virtual reality input system for touchscreen devices. DODOcase launched four virtual reality smartphone accessories in 2014 and sold over one-million smartphone virtual reality viewers.

7.      In 2016, DODOcase was forced to abandon the sale and production of products that used its own patented technology because of severe price pressures resulting from infringers importing competitive products.

8.      On or about October 16, 2018, the Asserted Patents were assigned to DDC. As part of that assignment, DODOcase retained a financial interest in the Asserted Patents.

9.      Based upon public information, Merge Labs, Inc. (doing business as Merge VR) ("Merge") is a Delaware corporation with its principal place of business at 22211 West Interstate 10, Suite 1206, San Antonio, Texas 78257. Merge maintains a registered agent of Capitol Services, Inc. at 1675 South State Street, Suite B, Dover, Delaware 19901. Merge markets and sells virtual reality headsets under the brand name, "Merge VR."

10.     Merge makes or has made, imports, offers to sell and/or sells the Accused Products subject to this patent infringement action as set forth in more detail below.

## JURISDICTION AND VENUE

11.     This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

12.     Personal jurisdiction is proper in this Court. Merge maintains its principal place of business in this Judicial District of Texas. Further, Merge has minimum contacts with the State of Texas, and has purposefully availed itself of the privileges of conducting business in the State of Texas, including through the sale and offer for sale of the Accused Products throughout the State of Texas and this Judicial District.

13.     Venue in this judicial district is proper under 28 U.S.C. § 1400(b) because Merge resides in this Judicial District as confirmed by its principal place of business in this Judicial District of Texas.

## PRIOR COMMUNICATIONS WITH MERGE

14.     On April 26, 2021, DDC sent an initial letter to Merge regarding allegations of patent infringement.

15.     On or around May 10, 2021, counsel purporting to represent Merge contacted DDC's counsel by phone and stated that Merge was out of this product line.

16.     DDC attempted further discussions with Merge in an effort to resolve this dispute but Merge was largely unresponsive. On July 12, 2021, then-counsel for Merge requested that the parties enter into a non-disclosure agreement ("NDA") to facilitate exchange of information.

17.     On July 13, 2021, DDC sent a draft NDA. On July 20, 2021, then-counsel for Merge said that he had forwarded the draft NDA to Merge and that he hoped to get it back soon.

18.     Instead of receiving an update on the draft NDA, on July 27, 2021, new counsel purporting to represent Merge sent a letter contending non-infringement, invalidity, and threatening: "Should DDC pursue any claim against Merge, Merge will seek an award of its attorney's fees in view of the clear lack of merit of any such claim, which would make any such case 'exceptional.'"

19.     In light of Merge's numerous delays, misrepresentations, and now threat to seek attorneys' fees, DDC files this Complaint to expedite resolution of this dispute and limit Merge's ability to misrepresent facts pertinent to this case (including, *e.g.*, past sales, continuing sales, and the actual features of the Accused Products). Merge's misrepresentations and continued willful infringement after notice demonstrate this case is exceptional pursuant to 35 U.S.C. § 285.

## THE ACCUSED PRODUCTS

20.     Merge infringed, and continues to infringe, the Asserted Patents by making, having made, selling, offering to sell, and/or importing Merge's Virtual Reality Headsets that include "dual trigger buttons" or "input buttons" (collectively referred to herein as the "Accused Products"):





## Using the Inputs

Hold the top and bottom adjustments and press down on the input buttons to interact with VR apps that use headset input.

### Usar las entradas

Sostenga los ajustes superior e inferior y presione los botones de entrada para interactuar con las aplicaciones de realidad virtual que utilizan entrada de auriculares.

### Benutzung der Eingabetasten

Halten Sie die obere und untere Justierung und drücken Sie die Eingabetasten, um mit VR-Apps zu interagieren, die Headset-Eingaben verwenden.

### Utiliser les entrées

Tenez les réglages supérieur et inférieur et appuyez sur les touches d'entrée pour interagir avec les applications de réalité virtuelle qui utilisent l'entrée du casque.





21.     The Accused Products are virtual reality viewers designed to operate with a mobile

electronic device having a touchscreen (*e.g.*, "smartphone"):





22.    The Accused Products include two lenses for viewing the mobile electronic device:



23.    The Accused Products comprise a housing configured to receive and hold the mobile electronic device such that the touchscreen is generally centered in a horizontal direction directly in a user's field of view:



24.     The Accused Products further include an input mechanism that is accessible on the exterior of the Accused Products:





25.     Merge calls these input mechanisms "trigger buttons" or "input buttons" in various advertisements, user manuals and packaging for the Accused Products.

26.     The touchscreen inputs of the two "trigger/input buttons" of the Accused Products, when in a second (or extended) position, contact the touchscreen of the mobile electronic device within the virtual reality viewer housing:









27.    The touchscreen inputs of the "trigger/input buttons" of the Accused Products comprise a capacitive material to activate the touchscreen of a mobile electronic device.

28.    The Accused Products subject to this Complaint necessarily include all substantively similar products (including other virtual reality viewers that comprise "trigger/input button(s)" for use with a touchscreen of a mobile electronic device) and any predecessor and/or successor versions of the foregoing.

29.     After adequate discovery, DDC may seek leave to amend this Complaint to include additional details of infringement, if any, by other products hereafter discovered to infringe the Asserted Patents.

**COUNT I: INFRINGEMENT OF UNITED STATES PATENT NO. 9,420,075**

30.     DDC realleges and incorporates by reference paragraphs 1 through 29, inclusive, as though fully set forth herein.

31.     Merge's actions (*e.g.*, the sales, offers of sale, importation, and having products manufactured) with respect to the Accused Products have directly infringed, and continue to directly infringe, at least independent Claims 1 and 18 of the '075 Patent.

## <u>CLAIM 1</u>

32.     Merge's Accused Products are virtual reality viewers for use with a mobile electronic device having a touchscreen.

33.     The Accused Products comprise a housing configured to receive the mobile electronic device.

34.     Said housing is configured to hold the mobile electronic device such that the touchscreen is generally centered in a horizontal direction and directly in a user's field of view when looking into a generally hollow interior of the housing through a side opposite the touchscreen.

35.     The Accused Products include an input mechanism that is accessible from an exterior of the housing and is moveable within the interior between at least a first position and an extended position.

36.     Said input mechanism comprises an electrical shield having a surface, wherein only a portion of the surface of the electrical shield is configured to contact a central region of the touchscreen of the mobile electronic device when the input mechanism is in the extended position.

37.     In its letter dated July 27, 2021, Merge's most recent legal counsel asserted the following unsupported attorney argument of non-infringement: "Specifically, the Merge Headset products do not include an electrical shield. Merge does not use an electrical shield as its conductive material. Merge is not configured to have only a portion of the surface of the 'electric shield' contact the screen. Instead, the Merge Headset is optimized for maximum surface contact. The Merge Headset is not configured to touch the central region of the touch screen. Instead, the Merge Headset has two inputs, one on the left side and one on the right side."

38.     These unsupported assertions are incorrect. The Accused Products do include an electrical shield, which (although not required by Claim 1) comprises a conductive material. As evidenced below, the Accused Products include an electric shield comprised of a rubberized conductive nub affixed to a metal arm that extends through the interior housing:

 

39.     The Accused Products are also configured to have a portion of the surface of the electric shield contact the screen of a mobile electronic device and the electric shield does not, as

Merge counsel contends, have "maximum surface contact." Instead, as shown immediately above, only a portion of the electric shield (*i.e.*, only a portion of the rubberized conductive nub) is configured to make contact with the touchscreen.

40.     And the portion of the electric shield is specifically configured to contact a central region of the touchscreen. Specifically, both of the rubberized conductive nubs are located in between the lenses such that, when a mobile electronic device is properly installed, contact by both nubs will be made with a central region of the touchscreen (the nubs are circled below and the edge of the mobile electronic device is designated with vertical lines):



41.     In addition to infringement of Claim 1, the actions of Merge (*e.g.*, the sales, offers of sale, importation, and having products manufactured) with respect to the Accused Products likely infringe dependent Claims 2-4, 6-9 and 16-17, of the '075 Patent.

## CLAIM 18

42.     Merge's Accused Products are virtual reality viewers for use with a mobile electronic device having a capacitive touchscreen.

43.     The Accused Products comprise a housing configured to receive the mobile electronic device and substantially enclose the touchscreen within a generally hollow interior of the housing, wherein the housing holds the touchscreen in a position that is generally centered in

a horizontal direction and directly in a user's field of view when viewing the touchscreen through a back wall of the housing, wherein the back-wall is opposite the touchscreen and includes a left and a right lens for viewing a left region and a right region of the interior and the touchscreen.

44.     The Accused Products include an input device including, a first portion that is accessible from an exterior of the housing, and an elongate[d] second portion disposed within the interior of the housing between the left and right regions wherein the second portion is generally oriented in a vertical direction that is perpendicular to the horizontal direction.

45.     Said input device comprises an electric shield, wherein a first surface of the electric shield is disposed on the first portion and is electrically coupled to a second surface of the electric shield, wherein the second surface is disposed on the second portion within the interior and is generally centered in the horizontal direction between the left and right regions, and wherein only the second surface of the electric shield is configured to contact a central portion of the touchscreen of the mobile electronic device and selectively transfer a capacitive touch input to the touchscreen in response to a user interaction with the first portion of the input mechanism.

46.     In its letter dated July 27, 2021, Merge's most recent legal counsel asserted the following unsupported attorney argument of non-infringement: "Specifically, the Merge Headset products do not include an electrical shield. The input system design of the Merge Headset does not use an elongated second portion. Instead, its mechanical design is completely different. The input for the Merge Headset is not located between the left and right regions. Instead, the inputs are attached to the left and right lenses and contact either the left or right side of the screen independently. The input for the Merge Headset is not generally oriented in a vertical position. The Merge Headset does not use an electric shield as its conductive material. The conductive material of the Merge Headset is not generally centered in the horizontal direction between the left

and right regions. Instead, it uses two inputs: one on the left; and one on the right. The conductive material of the Merge Headset does not contact the center part of the screen as the inputs are offset to contact either the left side of the screen or the right side of the screen."

47.     These unsupported assertions are incorrect. As set forth above, the Accused Products comprise an electric shield.

48.     Further, the Accused Products include an elongated second portion:

 

49.     The inputs for the Accused Products are located between the left and right regions and generally oriented in a vertical direction:





50.     As set forth above, the Accused Products include an electric shield comprising conductive material (rubberized conductive nub and metal).

51.     And the second surface is disposed on the second portion within the interior and generally centered in the horizontal direction between the left and right regions:



52.     While the Accused Products include two inputs (consistent with dependent Claim 16 of the '075 Patent), each of the two inputs are generally centered and the Accused Products are configured such that the second surface of the electric shield does contact a central portion of a touchscreen (not the left side or right side as Merge counsel summarily contends) – as shown immediately above.

53.     DDC notified Merge of the '075 Patent and the likelihood of infringement thereof on April 26, 2021.

54.     To the extent required by law, DDC has complied with, and requires each licensee to comply with, the provisions of 35 U.S.C. § 287.

55.     Merge's direct infringement as described above has injured and will continue to injure DDC as long as such infringement continues.

56.     DDC is entitled to recover damages adequate to compensate it for such infringement but in no event less than a reasonable royalty for Merge's infringement of the Asserted Patents, together with interest and costs.

**COUNT II: INFRINGEMENT OF UNITED STATES PATENT NO. 9,723,117**

57.     DDC realleges and incorporates by reference paragraphs 1 through 29, inclusive, as though fully set forth herein.

58.     Merge's actions (*e.g.*, the sales, offers of sale, importation, and having products manufactured) with respect to the Accused Products have directly infringed, and continue to directly infringe, at least independent Claim 12 of the '117 Patent.

**CLAIM 12**

59.     Merge's Accused Products are virtual reality viewers for use with a mobile electronic device having a touchscreen.

60.     The Accused Products comprise a first lens and a second lens, wherein the first lens is facing the same direction as the second lens, and wherein the first lens and the second lens are spaced apart in a horizontal direction.

61.     The Accused Products comprise a housing having a back side configured to be held against or in proximity to a user's face and a front side configured to receive the mobile electronic device, the front side of the housing opposite the back side of the housing such that the touchscreen is viewable from the back side of the housing and through the first lens and the second lens.

62.     The Accused Products include a user input that is accessible from an exterior of the housing and has a first position and a second position.

63.     The Accused Products include a touchscreen input conductively coupled to the user input and generally centered between the first lens and the second lens in the horizontal direction, wherein, upon receipt of the mobile electronic device, the touchscreen input is in physical contact with the touchscreen when the user input is in the second position.

64.     In its letter dated July 27, 2021, Merge's most recent legal counsel asserted the following unsupported attorney argument of non-infringement: "Specifically, the Merge Headset products do not include a touchscreen input as claimed. The inputs used in the Merge Headset products are not generally centered between the first and second lens. In the Merge Headset

products, there are two inputs, one for the left side and one for the right side, with each being attached to the lens and are movable."

65.     These unsupported assertions are incorrect. The Accused Products comprise touchscreen inputs that are generally centered between the first and second lens:



66.     And while the Accused Products do include two user inputs (consistent with dependent Claim 16), both are generally centered as illustrated immediately above.

67.     Further, the actions of Merge (*e.g.*, the sales, offers of sale, importation, and having products manufactured) with respect to the Accused Products likely infringe dependent Claims 13-16, 18, and 20 of the '117 Patent.

68.     DDC notified Merge of the '117 Patent and the likelihood of infringement thereof on April 26, 2021.

69.     To the extent required by law, DDC has complied with, and requires each licensee to comply with, the provisions of 35 U.S.C. § 287.

70.     Merge's direct infringement as described above has injured and will continue to injure DDC as long as such infringement continues.

71.     DDC is entitled to recover damages adequate to compensate it for such infringement but in no event less than a reasonable royalty for Merge's infringement of the Asserted Patents, together with interest and costs.

**COUNT III: INFRINGEMENT OF UNITED STATES PATENT NO. 9,811,184**

72.     DDC realleges and incorporates by reference paragraphs 1 through 29, inclusive, as though fully set forth herein.

73.     Merge's actions (*e.g.*, the sales, offers of sale, importation, and having products manufactured) with respect to the Accused Products have directly infringed, and continue to directly infringe, at least independent Claim 12 of the '184 Patent.

## <u>CLAIM 12</u>

74.     Merge's Accused Products are virtual reality viewers for use with a mobile electronic device having a touchscreen.

75.     The Accused Products comprise a first lens and a second lens, wherein the first lens is facing the same direction as the second lens and wherein the first lens and the second lens are spaced apart in a horizontal direction.

76.     The Accused Products comprise an enclosure having a first side and a second side opposite the first side, the first side configured to hold the first lens and the second lens, the second side configured to receive the mobile electronic device.

77.     The Accused Products include a user input that is accessible from an exterior of the enclosure and has a first position and a second position.

78.     The Accused Products include a touchscreen input conductively coupled to the user input and generally centered between the first lens and the second lens in the horizontal direction, wherein, upon receipt of the mobile electronic device, the touchscreen input is in physical contact with the touchscreen when the user input is in the second position.

79.     In its letter dated July 27, 2021, Merge's most recent legal counsel asserted the following unsupported attorney argument of non-infringement: "Specifically, the Merge Headset products do not include a touchscreen input as claimed. The inputs used in the Merge Headset products are not configured to contact a central region of the touch screen. The inputs are attached to the left and right lenses and contact either the left or right side of the screen specifically."

80.     These unsupported assertions are incorrect. The two touchscreen inputs (consistent with dependent Claim 13) are generally centered between the first lens and the second lens in the horizontal direction as claimed:



81.     Further, the actions of Merge (*e.g.*, the sales, offers of sale, importation, and having products manufactured) with respect to the Accused Products likely infringe dependent Claims 13, 15-18, and 20 of the '184 Patent.

82.     DDC notified Merge of the '184 Patent and the likelihood of infringement thereof on April 26, 2021.

83.     To the extent required by law, DDC has complied with, and requires each licensee to comply with, the provisions of 35 U.S.C. § 287.

84.     Merge's direct infringement as described above has injured and will continue to injure DDC as long as such infringement continues.

85.     DDC is entitled to recover damages adequate to compensate it for such infringement but in no event less than a reasonable royalty for Merge's infringement of the Asserted Patents, together with interest and costs.

**COUNT IV: INFRINGEMENT OF UNITED STATES PATENT NO. 10,528,199**

86.     DDC realleges and incorporates by reference paragraphs 1 through 29, inclusive, as though fully set forth herein.

87.     Merge's actions (*e.g.*, the sales, offers of sale, importation, and having products manufactured) with respect to the Accused Products have directly infringed, and continue to directly infringe, at least independent Claims 1 and 30 of the '199 Patent.

## CLAIM 1

88.     Merge's Accused Products are virtual reality viewers for use with a mobile electronic device having a touchscreen.

89.     The Accused Products comprise a first lens and a second lens, wherein the first lens is facing the same direction as the second lens, and wherein the first lens and the second lens are spaced apart in a horizontal direction.

90.     The Accused Products comprise a frame having a first side and a second side opposite the first side, the first side configured to hold the first lens and the second lens, the second side configured to receive the mobile electronic device, wherein the frame is configured to hold the mobile electronic device such that the mobile electronic device is generally centered in a horizontal direction and directly in a user's field of view when looking through the first side of the frame.

91.     The Accused Products include a touchscreen input constructed of material and having a surface such that only a portion of the surface of the touchscreen input is configured to

contact a central region of the touchscreen of the mobile electronic device when the touchscreen input is activated.

92.     In its letter dated July 27, 2021, Merge's most recent legal counsel asserted the following unsupported attorney argument of non-infringement: "Specifically, the Merge Headset products do not include a touchscreen input having a surface such that only a portion of the surface of the touchscreen input is configured to contact a central region of the touchscreen of the mobile electronic device. The inputs used in the Merge Headset products are not configured to contact a central region of the touchscreen. The inputs are attached to the left and right lenses and contact either the left or right side of the screen specifically."

93.     These unsupported assertions are incorrect. As set forth above, the Accused Products include two touchscreen inputs that each have a surface such that only a portion of the surface is configured to contact a central region of the touchscreen:





94.    Further, the actions of Merge (*e.g.*, the sales, offers of sale, importation, and having products manufactured) with respect to the Accused Products likely infringe dependent Claims 2, 4-6, and 16-29 of the '199 Patent.

<u>**CLAIM 30**</u>

95.    Merge's Accused Products are virtual reality viewers for use with a mobile electronic device having a touchscreen.

96.    The Accused Products comprise a first lens and a second lens, wherein the first lens is facing the same direction as the second lens, and wherein the first lens and the second lens are spaced apart in a horizontal direction.

97.    The Accused Products comprise a frame having a first side and a second side opposite the first side, the first side configured to hold the first lens and the second lens, the second side configured to receive the mobile electronic device, wherein the frame is configured to hold the mobile electronic device such that the mobile electronic device is generally centered in a horizontal direction and directly in a user's field of view when looking through the first side of the frame.

98.    The Accused Products include a user input that is accessible from an exterior of the enclosure and has a first position and a second position.

99.     The Accused Products include a touchscreen input that is coupled to the user input and generally centered between the first lens and the second lens in the horizontal direction, wherein the touchscreen has a surface such that only a portion of the surface of the touchscreen input is configured to contact a central region of the touchscreen when the user input is in the second position.

100.     In its letter dated July 27, 2021, Merge's most recent legal counsel asserted the following unsupported attorney argument of non-infringement: "Specifically, the Merge Headset products do not include a touchscreen input having a surface such that only a portion of the surface of the touchscreen input is configured to contact a central region of the touchscreen of the mobile electronic device. The inputs of the Merge Headset products are not generally centered between the first and second lenses. Instead, the inputs are attached to [each] lens and move horizontally and vertically with the lens adjustments. The inputs of the Merge Headset products are not configured to contact a central region of the touch screen. Instead, they are offset to contact either the left side of the screen or the right side of the screen."

101.     These unsupported assertions are incorrect. The Accused Products include a touchscreen input such that only a portion of the surface of the touchscreen input is configured to contact a central region of the touchscreen:





102.    While the Accused Products include two touchscreen inputs (consistent with dependent Claim 31), each of the touchscreen inputs is configured to contact a central region of the touchscreen:



103.    Further, the actions of Merge (*e.g.*, the sales, offers of sale, importation, and having products manufactured) with respect to the Accused Products likely infringe dependent Claims 31, 33-35, and 37-40 of the '199 Patent.

104.    DDC notified Merge of the '199 Patent and the likelihood of infringement thereof on April 26, 2021.

105.    To the extent required by law, DDC has complied with, and requires each licensee to comply with, the provisions of 35 U.S.C. § 287.

106.    Merge's direct infringement as described above has injured and will continue to injure DDC as long as such infringement continues.

107.    DDC is entitled to recover damages adequate to compensate it for such infringement but in no event less than a reasonable royalty for Merge's infringement of the Asserted Patents, together with interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DDC Technology, LLC respectfully requests this Court to enter judgment against Defendant Merge Labs, Inc. (doing business as Merge VR) and against each of its subsidiaries, predecessors, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it – granting the following relief:

A.      The entry of judgment in favor of DDC and against Merge that the Asserted Patents are valid, enforceable and infringed by Merge;

B.      An award of damages against Merge adequate to compensate DDC for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C.      A finding that this case is exceptional based at least on Merge's misrepresentations after notice of infringement and continued willful infringement of the Asserted Patents, (see, *e.g.*, ¶¶ 14-19), and, consistent with 35 U.S.C. § 285, an award to DDC of its reasonable attorneys' fees and costs; and

D.      An accounting of all costs associated with the filing and maintenance of this action incurred by DDC; and

E.      Such other relief to which DDC is entitled under the law and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff DDC Technology, LLC demands a trial by jury on all issues so triable.


Dated: August 16, 2021                            Respectfully submitted,

                                                  */s/ Timothy J. Haller*_____
                                                  Timothy J. Haller 3125265(IL)
                                                  HALLER LAW PLLC
                                                  230 E Delaware Pl, Ste 5E
                                                  Chicago, IL 60611
                                                  Phone: (630) 336-4283
                                                  haller@haller-iplaw.com

                                                  *Attorney for Plaintiff DDC Technology, LLC*